963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edith Lavada PERSSON and Harry Persson, Wife and Husband,
Plaintiffs-Appellants,
v.
EMPIRE GAS CORPORATION, a Missouri corporation, and
Empiregas of Stigler, Inc., an Oklahoma
corporation, Defendants-Appellees.
 No. 90-7032.
 United States Court of Appeals, Tenth Circuit.
 May 19, 1992.
 
 Before EBEL, McWILLIAMS, Circuit Judges, and JENKINS,* District Judge.
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 On April 21, 1989, Rick Beal, d/b/a/ Rick Beal Electric Heating and Air Conditioning ("Beal"), serviced the air conditioning coil of a central heating and air conditioning unit (the "unit") at the home of Edith Blaylock ("Blaylock") in Whitefield, Oklahoma. While servicing the air conditioning unit, Beal disrupted the integrity of a propane gas system which started a gas leak that led to an explosion and fire on April 23, 1989. The explosion and fire resulted in personal injuries to Edith Lavada Persson and the death of her mother, Edith Blaylock. Thereafter, Edith Lavada Persson and her husband, Harry Persson (collectively referred to as "appellants"), filed a complaint seeking damages for personal injury and loss of consortium against Beal and several "John Does" alleged to be the principals or agents of Beal. Subsequently, appellants amended their complaint to join Empire Gas Corporation and Empiregas of Stigler, Inc. ("the Empiregas defendants").
 
 
 2
 Beal settled with appellants on the eve of trial. After a five-day jury trial, the jury returned a verdict in favor of the Empiregas defendants and against appellants. Appellants thereafter appealed, alleging the following: (1) the District Court's jury instructions incorrectly recited applicable law; (2) the verdict was not supported by the evidence; (3) the District Court erred in denying appellants' request for a second amendment of their complaint; and (4) the defense counsel improperly referred to previously excluded evidence during closing arguments.
 
 
 3
 After a thorough review of the record and pleadings in this case, the court concludes that the District Court's jury instructions, when considered as a whole, correctly recited the applicable law. The court also holds that the jury verdict was supported by substantial evidence. The court holds that the District Court did not abuse its discretion in denying appellants' motion to amend their complaint. Furthermore, the court holds that defense counsel's comments during closing argument were proper and that no prejudice occurred to appellants. The judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Bruce S. Jenkins, Chief Judge of the United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3